

**EOD**

09/27/2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-42053 |
| | § | |
| CAROL ALISON RAMSAY ROSE, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |
| | § | |
| CAROL ROSE | § | |
| AND CAROL ROSE, INC., | § | |
| | § | |
| Plaintiffs/Counter-Defendants, | § | |
| | § | |
| VS. | § | ADV. PROC. NO. 17-4104 |
| | § | |
| LORI AARON, PHILLIP AARON, | § | |
| AARON RANCH, AND | § | |
| JAY MCLAUGHLIN | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |
| | § | |
| EQUIS EQUINE, LLC AND | § | |
| ELIZABETH WESTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADV. PROC. NO. 17-4131 |
| | § | |
| CAROL ALISON RAMSAY ROSE, | § | |
| CAROL ROSE, INC., LORI AARON, | § | |
| PHILLIP AARON, AARON RANCH, | § | |
| AND AARON'S RANCH, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDERS**
**REGARDING MOTIONS TO RECONSIDER**

These matters are before the Court on two motions seeking corrections or amendments to this Court's Memorandum Opinion [Dkt. No. 212 in Adv. Proc. No. 17-4104; Dkt. No. 161 in

1

Adv. Proc. No. 17-4131] and the corresponding Orders [Dkt. No. 213 in Adv. Proc. No. 17-4104; Dkt. No. 162 in Adv. Proc. No. 17-4131] entered on January 23, 2019. Lori Aaron, Phillip Aaron, and Aaron Ranch (collectively, the "**Aarons**") request a correction of a clerical mistake pursuant to Federal Rule of Civil Procedure ("**Federal Rule**") 60(a) or, alternatively, an amendment to obtain the same relief pursuant to Federal Rule 59(e). Equis Equine, LLC and Elizabeth Weston (collectively, "**Weston**") request that this Court reconsider its opinion and order and sustain (i) Weston's claims of conspiracy and aiding and abetting against the Aarons; and (ii) Weston's claim for equitable subrogation as to Carol Rose pursuant to Federal Rules 52(b) or 59(e).

### The Aarons' Motion

In their motion, the Aarons' request a correction of a clerical error in conclusion of law 132 of the Memorandum Opinion. The Court found in conclusions 77-85 that the Aarons had sustained damages in the amount of $61,257.32 because of Carol Rose's violations of the Texas Theft Liability Act. However, in conclusion 132 of the Memorandum Opinion, the Court transcribed the amount as $60,257.32. The Court also omitted the TTLA damages from the Order it entered with its Opinion.

Federal Rule 60(a), as adopted and applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 9024, provides that "[t]he court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Here, the Court agrees that it erred with respect to its statement of the Aarons' damages in its Memorandum Opinion and the accompanying Order. Notably, the opposing parties do not oppose the Aarons' motion seeking to correct the Court's statements regarding TTLA damages or its omission of the TTLA damages from the Court's prior Order. The Court concludes the Aarons' Federal Rule 60(a) motion should be granted.

**Weston's Motion**

Weston's motion is two-pronged. First, Weston requests that this Court reconsider its findings and conclusions that Weston failed to establish her claims against the Aarons for aiding and abetting. Weston points out that she did not submit these claims for this Court to decide in the parties' joint pre-trial order. Accordingly, Weston requests the deletion of conclusions 235-236 in the Court's opinion. Weston alternatively argues that, even if her claims against the Aarons had been tried by this Court by consent or otherwise, the challenged conclusions are not supported by the evidence in the record.

Having reviewed the parties' joint pre-trial order, the Court agrees that Weston did not submit her claims against the *Aarons* for conspiracy, aiding and abetting for this Court to decide. However, on page 25 of the parties' joint pre-trial order, "Weston contends that Rose should be jointly and severally liable for the actions and torts committed by her co-conspirators, the Aarons, Mr. Stevens, and the Auctioneers." In addition, Weston requested equitable subordination of the Aarons' claims based on their alleged inequitable conduct in connection with the dispersal sale. Thus, the Court considered the Aarons' conduct and Rose's liability for actions and torts committed by her "co-conspirators," which included an examination of whether Rose conspired with the Aarons, Stevens and the auctioneers and, if so, whether Rose should be held liable for the underlying actions and torts of such "co-conspirators." In order to clarify the opinion, the Court agrees that its discussion of Weston's claims for conspiracy, aiding and abetting should be revised to only address Weston's claims against *Rose* for conspiracy, aiding and abetting and, if Rose is liable for conspiracy, whether she should be held jointly and severally liable for the actions of her co-conspirators.

3

Second, Weston requests that this Court correct a mistake of fact that affected the legal analysis. This Court stated in conclusion 240 of its Memorandum Opinion that Carol Rose had not filed a proof of claim and, therefore, Weston's claim for equitable subordination was moot. In her motion, Weston points out that Carol Rose, Inc. scheduled a claim for Carol Rose, individually, which had the same effect as if Carol Rose had filed a claim for herself in the Carol Rose, Inc. bankruptcy case.

The Court agrees that it overlooked the claim that Carol Rose, Inc. scheduled for Carol Rose, individually. Further, the Court agrees that grounds exist to amend its Memorandum Opinion and correct its mistake pursuant to Rule 59(e), which permits this Court to correct manifest errors of law or fact. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The Court concludes that Weston's Rule 59(e) motion should be granted with respect to Weston's equitable subordination claim against Carol Rose. However, considering this Court's findings discussed in the conspiracy, aiding and abetting count against Rose, Weston has failed to establish grounds to equitably subordinate the Aarons' allowed claim to her claim.

## CONCLUSION

All parties are currently appealing from this Court's January 23rd Memorandum Opinion and Orders. Rather than issue an order that amends the original Memorandum Opinion in complicated ways by removing, editing, or overwriting portions of certain paragraphs, the Court will enter an amended Memorandum Opinion and amended Orders consistent with this present Memorandum Opinion and Orders on reconsideration.

**IT IS THEREFORE ORDERED** that the Aarons' motion for reconsideration [Dkt. No. 216 in Adv. Proc. No. 17-4104] is **GRANTED** as set forth herein.

4

5

**IT IS FURTHER ORDERED** that Weston's motion for reconsideration [Dkt. No. 166 in Adv. Proc. No. 17-4131] is **GRANTED IN PART** as set forth herein.

Signed on 9/27/2019

_Brenda T. Rhoades_ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE